CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 09 2007
JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GERALD L. WHITTINGTON,<br>Petitioner, | Civil Action No. 7:07-cv-00294 |
| v. | MEMORANDUM OPINION |
| GENE M. JOHNSON,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Petitioner Gerald L. Whittington, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 conviction and 10 year and 4 month sentence for robbery and abduction. Whittington alleges that trial counsel provided ineffective assistance by "misadvis[ing]" him of the elements of robbery. The court finds that Whittington's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

## I.

On January 25, 2005, Whittington was sentenced in the Henry County Circuit Court to 10 years and 4 months incarceration for charges of robbery and abduction. Whittington did not file a direct appeal of his conviction. However, on June 7, 2006, Whittington filed a state habeas petition in the Henry County Circuit Court, which was denied on August 1, 2006. Whittington appealed that denial to the Supreme Court of Virginia, which also denied his petition on March 6, 2007. On May 15, 2007, Whittington filed the instant federal habeas petition.[1]

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of

---

[1] The United States District Court for the Eastern District of Virginia received and docketed his petition on May 22, 2007 and then transferred the case to this court on June 11, 2007. However, an inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988), Lewis v. Richmond City Police Depot, 947 F.2d 733, 735 (4th Cir. 1991). Therefore, for purposes of the statute of limitations, the court will assume that Whittington submitted his petition to prison officials the same day he signed it.

a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] Whittington did not meet this one-year statute of limitations. Whittington had 365 days from the date on which his conviction became final, or until February 24, 2006, to file his federal habeas petition. Not only did Whittington fail to meet this deadline, by that date, Whittington had yet to file his state habeas petition. Whittington did eventually file a state habeas petition on June 7, 2006. However, while it was timely filed in state court,[2] it was more than one year after his conviction became final and, therefore, cannot statutorily toll the statute of limitations running on his time to file a federal habeas petition. See § 2244(d)(2). Accordingly, Whittington's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3] Whittington has made no such demonstration. With

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Whittington has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Whittington's conviction became final for federal habeas petition purposes on February 24, 2005, thirty days after his sentencing in the Henry County Circuit Court.

[2] Virginia Code § 8.01-654(A)(2) provides that a habeas petitioner must file his petition within two years from the date of final judgment in the state trial court or one year from the date of final disposition of the direct appeal in state court, whichever is later.

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir.

regard to timeliness, Whittington essentially argues that after his conviction, he was focused on pursuing his state habeas action and unaware of the federal habeas statute of limitations. However, mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris v. Hutcherson, 209 F.3d 325, 330 (4th Cir. 2000). Therefore, the court finds that Whittington is not entitled to equitable tolling in this case and that his habeas petition is untimely.

### III.

For the foregoing reasons, the court dismisses Whittington's petition as untimely.

**ENTER**: This 9th day of July, 2007.

Senior United States District Judge

---

2003) (citing Harris, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

3